### BIGGS v. ROBERTS.
### No. 11126.

United States Court of Appeals, Seventh Circuit.

June 14, 1954.

Eusebius J. Biggs, Chicago, Ill., for appellant.

John J. Mortimer, Corp. Counsel, James A. Sprowl, William J. Linklater, William McKinley, Paul E. Price, Chicago, Ill., Latham Castle, Atty. Gen., for appellees.

Before MAJOR, Chief Judge, and LINDLEY, Circuit Judge.

PER CURIAM.

Defendants move to dismiss because the notice of appeal was not filed within 30 days after judgment, as required by

Fed.Rules Civ.Proc. rule 73(a), 28 U.S. C. Plaintiff objects and by motion asks this court to correct an order entered in the District Court January 13, 1954, or, in the alternative, that we determine that the appeal is premature until the lower court shall have acted to correct the order of January 13.

Chronologically the following pertinent entries appear of record:

1. On December 16, 1953, orders were entered dismissing plaintiff's first amended complaint and denying him leave to file a second amended complaint;

2. On January 4, 1954, a second amended complaint was filed with the Clerk of the District Court;

3. On January 13, 1954, plaintiff filed a motion to vacate the judgment entered December 16, 1953. This motion suggested that the interests of all parties would be served by a single order of dismissal covering all parties to the cause;

4. On January 13, 1954, an order was entered dismissing the second amended complaint "on motion of the plaintiff";

5. On January 22, 1954, motion by plaintiff to correct the order of January 13 denied;

6. February 11, 1954, notice of appeal filed.

 Obviously, on this chronology of events, the notice of appeal was not timely. The determinative order is that of December 16, 1953, which dismissed plaintiff's first amended complaint, denied him leave to file a second amended complaint and finally terminated the cause as to these defendants. Plaintiff contends that his motion of January 13 to vacate judgment, and the order entered thereon are the determinative proceedings so far as time for appeal is concerned. While a motion to vacate comes within the express exception provided by Rule 73(a), it must be made within 10 days after entry of judgment. Rule 59(e), 28 U.S.C. The motion of January 13, therefore, was not timely

and cannot toll the running of the time for appeal.

Plaintiff's alternative motion is without merit. Whatever the nature of his motion of January 13, it cannot affect this appeal. That motion dealt principally with the second amended complaint, which was filed without leave of court and in the face of an express order denying leave to file. Whatever the result of that proceeding, the motion, having been filed more than 30 days after entry of judgment on December 16, cannot affect what we construe to be the determinative order. Plaintiff's motion for correction of the January 13 order must be denied.

Appeal dismissed.